The ATLANTIC REFINING COMPANY, Owner of THE Tankship ATLANTIC TRADER,

v.

MATSON NAVIGATION COMPANY, a corporation

and

THE Steamship HAWAIIAN RETAILER, her engines, etc.

No. 301 of 1952.

United States District Court
E. D. Pennsylvania.
May 23, 1957.

Rawle & Henderson, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., Haight, Gardner, Poor & Havens, New York City, for respondent.

GRIM, District Judge.

Since my opinion was filed in the present case the United States Court of Appeals for the Second Circuit has filed an opinion in the case of Moore-McCormack Lines, Inc., v. The Esso Camden, 2 Cir., 1957, 244 F.2d 198.

Matson Navigation Company, respondent in the present case has filed a motion for reargument contending that the above-mentioned Esso Camden case in the Second Circuit is directly in point on the problem in the present case and that its result is contrary to the conclusion which has been reached in my

opinion in the present case. With this contention I do not agree.

A careful reading of the facts in the Esso Camden case shows that: "The Camden, previously scheduled for a two-day lay-off for repairs, was detained 15.-986 days because of the collision." The District Court, however, awarded the owners of the Camden detention damages for 17.986 days. Since the detention caused by the collision lasted only 15.986 days, obviously it was a mistake to award detention damages for 17.986 days, and the Court of Appeals reduced the award for detention damages to 15.-986 days. Its language as to why it reduced the detention from 17.986 days to 15.986 days is not very clear, but the opinion is clear· on the point that the Camden was detained only 15.986 days because of the collision.

In reducing the award for detention damages the Court of Appeals in the Esso Camden case cited no cases and did not at all discuss the problem involved in the present case. It made no mention· of the rule which it had stated. clearly in the case of The Pocahontas, 2 Cir., 1940, 109 F.2d 929, at page 931 viz.: " * * * There will be no abatement of the amount [to be allowed for detention] because the owner chooses the occasion to * * * repair damage for owner's account of a character not necessitating an immediate lay-up and not extending the detention period beyond the time required for collision repairs."

Certainly the Court of Appeals for the Second Circuit, capable and careful as it is, would not have reversed itself and changed its previously stated rule without at least mentioning its previous decisions in reference to the rule. My only conclusion is that in the Esso Camden case the two days repairs made necessary by the previous accident extended the detention period which followed from the second accident, and that the two-day repair period was not included within the detention period caused by the second accident. This distinguishes the Esso Camden case from the present case.

The motion for reargument is denied.